IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
SAN FRANCISCO OVEN, LLC,      )
                              )
        Plaintiff,            )
v.                            )   CIVIL ACTION NO. 05-700
                              )
FRANSMART, LLC, et al.,       )
                              )
        Defendants.           )
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Fransmart's Motion to Dismiss for Lack of Subject Matter Jurisdiction. This case is a dispute between Plaintiff San Francisco Oven, a restaurant marketing its franchise concept, and Defendant Fransmart, a franchise marketing firm. Plaintiff alleges that Fransmart (1) breached the franchise marketing contract, (2) caused certain tort claims, and (3) published false advertisements in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendant Fransmart moves to dismiss the Amended Complaint alleging that the Court lacks subject matter jurisdiction because Plaintiff's Lanham Act claim should not survive review under Federal Rule of Civil Procedure 12(b)(1). The issue presented is whether Plaintiff's Amended Complaint properly states a Lanham Act claim where it alleges that Fransmart's website published false statements about another Fransmart client (Z-Pizza) and the nature of Fransmart's services. The Court denies Defendant Fransmart's Motion to

Dismiss for Lack of Subject Matter Jurisdiction because Plaintiff's Amended Complaint, alleging, *inter alia*, that Fransmart's website falsely advertised Z-Pizza, sufficiently states a claim under the Lanham Act.

## I.  BACKGROUND

On August 1, 2002, Plaintiff San Francisco Oven, LLC, ("Plaintiff," "SFO") entered into written agreements with Defendant Fransmart, LLC, ("Defendant," "Fransmart") for consulting services.  Pl.'s Am. Compl. at ¶ 16.  SFO is a fast-casual brick-oven pizza restaurant business that began with one single restaurant in northeastern Ohio in 2001.  *Id.* at ¶ 9.  Fransmart is SFO's marketing consultant for sales of individual SFO franchises.  *Id.* at ¶ 27.

Although Plaintiff's Amended Complaint includes several state causes of action, this motion only concerns Plaintiff's allegation that Defendants violated the Lanham Act.  Plaintiff alleges that Fransmart falsely advertised Fransmart's client Z-Pizza as a fast-casual brick-oven pizza concept "to steer potential SFO franchisees to Z-Pizza."  *Id.* at ¶ 36.  Before SFO entered into the agreements with Defendants, SFO alleges that Fransmart's website described Z-Pizza as a "take-out and delivery and limited in-restaurant dining" concept.  *Id.* at ¶ 14(f).

SFO alleges that Z-Pizza changed to a fast-casual brick-oven pizza concept only after SFO disclosed its trade secrets to Fransmart.  *Id.* at ¶ 34.  Moreover, SFO alleges that Z-Pizza does

2

not offer fast-casual dining or brick-oven pizza. *Id.* at ¶ 102(d).

Most of the plaintiff's other Lanham Act claims involve an alleged failure to disclose certain information. For example, Fransmart advertised that its "Franchise Specialist" could provide the "highest quality franchise legal services in the industry." *Id.* at ¶ 102(a). SFO alleges that Defendants failed to disclose the fact that the "Franchise Specialist" was also Fransmart's counsel. *Id.* Additionally, Plaintiff claims that Fransmart did not disclose that it held an equity interest in clients such as Z-Pizza. *Id.* at ¶ 102(c).

SFO also alleges that: (1) "Fransmart markets its 'Franchise in a Box' service with the knowledge that it could not provide these services," and (2) "Fransmart falsely informed SFO that Morton [then a potential franchisee] was agreeable to opening eight stores." *Id.* at ¶ 102(b),(e).

Defendants' Motion to Dismiss contends that Plaintiff's Amended Complaint fails to allege facts upon which subject matter jurisdiction can be based. Defs.' Supplemental Mem. in Further Supp. Mot. Dismiss at 6.

## II. DISCUSSION

### A. Standard of Review

Because the parties are not diverse, federal jurisdiction exists here only if the plaintiff's complaint involves a federal question. When reviewing a motion to dismiss for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must determine whether the plaintiff's complaint alleges sufficient facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a determination requires only a "limited factual inquiry." *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969 (4th Cir. 1990)("the proper scope of inquiry on a 12(b)(1) motion . . . should test no more than whether the jurisdictional facts alleged, if sufficient on their face, are spurious or frivolous"). All the facts alleged in the complaint are assumed to be true and the Court must view the complaint in a light most favorable to the plaintiff. *Adams*, 697 F.2d at 1219.

**B. Discussion**

The Court denies Defendants' Motion to Dismiss because Plaintiff's Amended Complaint properly alleges a violation of the Lanham Act. SFO alleges that Fransmart falsely advertised its clients and marketing services. *See, e.g.*, Pl.'s Am. Compl. at ¶ 102.

In order to state a cause of action under the Lanham Act, the plaintiff must allege that:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's [goods or services]; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be

4

> injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its [goods or services].

*Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir. 2002); 15 U.S.C. § 1125(a).

Plaintiff properly alleges a violation of the Lanham Act because paragraphs 14 and 32-41 of the Amended Complaint allege that Fransmart misrepresented its clients, marketing services, and the availability of affiliated legal services. Focusing on the alleged misrepresentations concerning Fransmart's clients, SFO alleges that "Fransmart's website falsely advertises the Z-Pizza concept as a fast-casual brick-oven pizza concept, when in fact the Z-Pizza franchise does not offer fast-casual dining or brick-oven pizzas." Pl.'s Am. Compl. at ¶ 102(d). Furthermore, Plaintiff alleges that Fransmart falsely represented Z-Pizza "to steer potential SFO franchisees to Z-Pizza." *Id.* at ¶ 36. Taken together, and read in a light most favorable to Plaintiff, these allegations satisfy every element required for a Lanham Act cause of action.

First, Plaintiff alleges that the defendants made a false or misleading description of fact about another's (Z-Pizza's) product on Fransmart's commercial website. Pl.'s Am. Compl. at ¶ 102(d). Second, these representations are material and likely to influence potential franchisees because they concern the franchise concept itself. Third, the misrepresentations have the

5

tendency to deceive potential franchisees because Fransmart is allegedly mischaracterizing Z-Pizza.  Fourth, the statements entered interstate commerce because the defendants placed these statements on Fransmart's website.  Finally, SFO alleges that it is likely to be injured by the statement through a diversion of sales.  Pl.'s Am. Compl. at ¶ 107.

Plaintiff further alleges that Fransmart is liable under the Lanham Act for failing to disclose (1) that the lawyer providing affiliated legal services also served as Fransmart's counsel, and (2) that Defendants own an equity interest in Z-Pizza.  Pl.'s Am. Compl. at ¶ 102(a),(c).  Under Fourth Circuit caselaw, however, a Lanham Act cause of action requires an affirmative statement that is false or misleading.  *See, e.g., Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1138-39 (4th Cir. 1993).  Therefore, in considering whether jurisdiction is proper, the Court does not rely on Plaintiff's Lanham Act allegations regarding any failure to disclose information.

Similarly, the Court does not rely on Plaintiff's "Franchise in a Box" allegation to establish jurisdiction because it is not a sufficient basis for a Lanham Act claim.  Even reading the Amended Complaint in a light most favorable to the plaintiff, the "Franchise in a Box" allegation is vague and does not allege any causal relationship to damages.  *Id.* at ¶ 102(b).  Finally, the Court does not rely on the allegation that "Fransmart falsely informed SFO that Morton was agreeable to opening eight stores,"

because SFO did not allege that this statement appeared in a commercial advertisement, as required by the Lanham Act. *Id.* at ¶ 102(e).

In sum, the Court denies Defendants' motion because Plaintiff's Amended Complaint properly alleges at least one violation of the Lanham Act, and therefore has established federal question jurisdiction.

### III. CONCLUSION

The Court denies Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction because Plaintiff's Amended Complaint properly alleges a violation of the Lanham Act.

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Dismiss is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ____27th___ day of July, 2005.

```
                                /s/_____
                                Gerald Bruce Lee
                                United States District Judge
```

Alexandria, Virginia
07/27 /05